**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | No. CR09-4057-MWB |
| vs. | **ORDER ON MOTION TO SEVER** |
| PETER W. HANSON, | |
| Defendant. | |

_____

The defendant Peter Hanson ("Hanson") has filed a motion to sever his trial from that of codefendants Charles Hanson and Sandra Hanson. Doc. No. 65. The plaintiff (the "Government") resists severance. Doc. No. 66.

In his brief in support of the motion, Doc. No. 65-1, Hanson argues severance is appropriate for two reasons. First, he argues he would be unfairly prejudiced by the admission of statements by his codefendants that incriminate him, citing *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968). The Government asserts that Sandra Hanson has made no incriminating statements against either herself or Peter Hanson, and it is anticipated that Charles Hanson will testify in person at the trial. The Government further notes that even if a *Bruton* issue arises, any incriminating statements against Peter Hanson "will be redacted to avoid any confrontation issue." Doc. No. 66, pp. 3-4. Based on the Government's assertions, the court finds the *Burton* issue to be moot.

Hanson also argues his trial should be severed from that of his codefendants because his defense is antagonistic to theirs, and he will be prejudiced if all of the defendants are tried together. Regarding joinder of trials, the United States Supreme Court has held:

> Rule 8(b) states that "[t]wo or more defendants may be
> charged in the same indictment or information if they are

alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S. Ct. 1702, 1708, 95 L. Ed. 2d 176 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Id.*, at 210, 107 S. Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. *See ibid.*; *Opper v. United States*, 348 U.S. 84, 95, 75 S. Ct. 158, 165, 99 L. Ed. 101 (1954); *United States v. Marchant*, 12 Wheat. 480, 6 L. Ed. 2d 700 (1827); *cf.* 1 C. Wright, Federal Practice and Procedure § 223 (2d ed. 1982) (citing lower court opinions to the same effect). But Rule 14 recognizes that joinder, even when proper under rule 8(b), may prejudice either a defendant or the Government. Thus, the Rule provides:

> If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*Zafiro v. United States*, 506 U.S. 534, 537-38, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993).

However, "[a] defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than the evidence against him. . . . Severance becomes necessary [only] where . . . a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998). As the Eighth Circuit Court of Appeals has held, "Where multiple defendants are tried together, the risk of undue prejudice is best cured through cautionary

instructions to the jury." *United States v. Boone*, 437 F.3d 829, 838 (8th Cir. 2006) (citing *United States v. Mickelson*, 378 F.3d 810, 817 (8th Cir. 2004)).

The court finds Hanson has failed to show he will be prejudiced by a joint trial. His motion for severance is **denied**.

**IT IS SO ORDERED.**

**DATED** this 12th day of April, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT